**FILED**

JUN 0 3 2019

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA STONE, )
)
    Plaintiff, )
) Civil Action No. 1:19-cv-01509 (UNA)
)
JENNIFER G. ZIPPS, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and based on judicial immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom.*, *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "[E]ven a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

Plaintiff has filed a prolix complaint, consisting of 105 pages, in which she attempts to bring myriad civil and criminal causes of action. She sues three federal magistrate judges, a federal bankruptcy judge, and the clerk of the court (collectively "Judicial Defendants"), all of whom are associated with the United States District Court for the District of Arizona ("District of Arizona"). She also sues two United States Marshals ("USMS Defendants"), who are employed with the District of Arizona. Additionally, she sues an individual, Roy R. Lustig ("Lustig"), who is a plaintiff in federal bankruptcy matters brought against Stone in the United States District Court for the District of Florida and the District of Arizona. Lastly, she sues the U.S. Attorney General, the Director of the Federal Bureau of Investigation, the U.S. Inspector General, and the President of the United States (collectively, "Government Defendants"). She requests injunctive relief and monetary damages.

A close reading of the complaint reveals that the crux of all of Plaintiff's claims is her profound disagreement with the outcome of these legal proceedings in the District of Arizona. In fact, Plaintiff already attempted to move this Court to intervene in those matters to no avail. *See Stone v. Zipps, et al.*, No. 19-cv-1401 (UNA) (dismissed May 16, 2019). Given that her prior matter was dismissed, Plaintiff now attempts another bite at the apple by filing the instant complaint and couching her claims under different theories, though her disputes, named defendants, and issues and claims, are largely the same. "The doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983); *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (holding that parties are precluded from litigating claims that "were or could have been raised in that action.") (internal citation omitted). To the extent that

Plaintiff raises any viable new claims or issues, and names new parties, this matter is nonetheless dismissed.

This Court lacks jurisdiction to review the decisions of another district court. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995). The claims against Lustig, the Judicial Defendants, and the USMS Defendants are all predicated on their involvement in filing, overseeing, and/or executing legal determinations in another federal court. Aside from their involvement in that litigation, and bald allegations of vast conspiracies, it is unclear what facts, if any, are applicable to intended claims against Lustig and USMS, and Plaintiff has dually failed to state a claim against them.

Furthermore, the alleged actions of the Judicial Defendants all occurred while they were acting in a judicial or quasi-judicial capacity. Such actions are thus protected under the doctrine of immunity. Judges are absolutely immune from suits for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). It is also well-settled that clerks and other court officials are immune from suit for actions done in a judicial or quasi-judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Wagshal v. Foster*, 28 F.3d 1249, 1252 (D.C. Cir. 1994); *Sindram*, 986 F.2d at 1460; *Hilska v. Suter*, 2008 WL 2596213 (D.D.C. 2008), *aff'd*, 308 Fed. Appx. 451 (D.C. Cir. 2009). This District has further explained that "RICO claims must be denied if they simply constitute another way of attacking a judge's rulings," and that judicial immunity "applies where the RICO-

the RICO-challenged acts are judicial in nature." *See, e.g., Thomas v. Wilkins*, 61 F. Supp. 3d 13, 20 (D.D.C. 2014) (internal citations omitted). An act does not become any less judicial by virtue of an allegation of malice, corruption or conspiracy. *Id.* Therefore, the Judicial Defendants are immune from suit.

Plaintiff's claims against the Government Defendants are based on her discontent that they have failed to take criminal action against some of these defendants. This Court has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision of whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012). Nor may Plaintiff compel a criminal investigation by any law enforcement agency by filing a civil complaint. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). For these reasons, Plaintiff has failed to state a claim against the Government Defendants, and those claims shall also be dismissed.

For all of these reasons, Plaintiff's complaint is subject to dismissal. An Order consistent with this Memorandum Opinion is issued separately.

*/s/ Colleen Kollar-Kotelly*
United States District Judge

Date: May 31, 2019